## In re UNITED STATES of America, Petitioner.

## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

**No. 1181, Docket 84–3021.**
**MDL No. 381.**

United States Court of Appeals, Second Circuit.

Argued April 2, 1984.

Decided April 13, 1984.

Joan M. Bernott, Sp. Litigation Counsel Torts Branch, Civil Div. U.S. Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Civil Div., Washington, D.C., Raymond J. Dearie, U.S. Atty., E.D.N.Y., Arvin Maskin and Gretchen Leah Witt, Trial Attys., E.D.N.Y., Brooklyn, N.Y.), for petitioner United States of America.

David J. Dean, Dean, Falanga, Sinrod & Rose, Carle Place, N.Y., for plaintiffs-respondents.

Leonard L. Rivkin, Garden City, N.Y. (Rivkin, Leff, Sherman & Radler, Jeffrey Silberfeld, Leslie R. Bennett, Garden City, N.Y., Pamela R. Esterman, on the brief); Philip D. Pakula, New York City (Townley & Updike, New York City, of counsel); Kelley, Drye & Warren, Cadwalader, Wickersham & Taft, New York City, Clark, Gagliardi & Miller, White Plains, N.Y., Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., Shea & Gould, Arthur, Dry & Kalish, New York City, (of counsel), for defendants-respondents.

Before VAN GRAAFEILAND and CARDAMONE, Circuit Judges, and BRIEANT, District Judge.[*]

BRIEANT, District Judge:

This multidistrict diversity litigation in the Eastern District of New York concerns claims by Vietnam War veterans and certain of their wives and children. Defendants are chemical manufacturers from which the United States (the "Government") procured, directly or indirectly, various herbicides and defoliants (collectively for convenience "Agent Orange"). From use thereof in combat the veterans allege various injuries, including genetic damage. The wives and children allege, respectively, miscarriages and birth defects, as direct, non-derivative injuries to them resulting from use of Agent Orange by the veterans. The wives and children also allege various derivative claims.

Plaintiffs base liability on negligence, including failure to warn, strict liability, breach of implied warranty, intentional tort and nuisance. Compensatory and punitive damages are sought.

Relying on the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), the chemical companies filed third-party complaints against the Government for indemnification and contribution on various theories.

By interlocutory pre-trial ruling, Order No. 26, issued December 29, 1980, *see In re Agent Orange Product Liability Litigation*, 506 F.Supp. 762 (E.D.N.Y.1980), *petition for rearg. denied*, 534 F.Supp. 1046 (E.D.N.Y.1982), then District Judge Pratt dismissed all third-party claims against the Government. Familiarity of the reader with Order No. 26 is assumed. Essentially, Order No. 26 was based on the court's analysis of the *Feres* doctrine, *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), as extended by *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). *Feres* held that Congress, in enacting the FTCA, did not intend to waive sovereign immunity with respect to service related claims of military personnel. *Stencel* extended the *Feres* doctrine, holding that:

[T]he right of a third party to recover in an indemnity action against the United States recognized in [*United States v.*] *Yellow Cab* [*Company*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951) ], must be held limited by the rationale of *Feres* where the injured party is a serviceman.

431 U.S. at 674, 97 S.Ct. at 2059.

The district court, in dismissing the third-party claims, determined that all of the underlying claims, including the derivative and independent claims of family members were "incident to [military] service," and thus the third-party claims were barred by *Feres* and *Stencel*, 506 F.Supp. at 781. Thereafter, pre-trial discovery proceeded.

---

[*] The Honorable Charles L. Brieant of the United States District Court for the Southern District of New York, sitting by designation.

The case was reassigned to Chief Judge Weinstein on October 18, 1983.

Beginning on October 21, 1983, in pre-trial conferences, Chief Judge Weinstein expressed his disagreement with the dismissal of the third-party claims and disclosed an intention to reconsider the point.[1] Ultimately, by Order No. 91, filed February 10, 1984, after the court had informed counsel for all parties and the Government that it intended to commence a jury trial of the case on May 7, 1984, Chief Judge Weinstein considered a motion for reconsideration of Order No. 26. On such reconsideration, the court adhered to those provisions in Order No. 26 that dismissed so much of the third-party complaints relating to the claims of the veterans, and the derivative claims of their family members, but denied the Government's motion to dismiss those parts of the third-party complaints relating to the independent claims of the wives and children. In Order No. 91, Chief Judge Weinstein concluded that while the *Feres-Stencel* doctrine bars the third-party complaints as they relate to the servicemen's claims, the doctrine was totally inapplicable to claims by third-parties for indemnity or contribution as to the independent (non-derivative) claims of the wives and children.

By its petition for mandamus, pursuant to the All Writs Act, 28 U.S.C. § 1651, the Government now seeks to have this Court command the trial judge to "vacate Pretrial Order 91 and restore as law of the case Pretrial Order 26." This relief if granted will prevent the district court *in limine* from the issues in the third-party complaints insofar as concerns the claims of civilians.

Here our task is not to review the merits of Judge Weinstein's conclusion. It may well be that, on an appeal from a final judgment, and upon a complete trial record, this Court will conclude that the *Feres-Stencel* doctrine is broad enough to encompass this situation, as other courts have.

*See, e.g., Mondelli v. United States,* 711 F.2d 567 (3d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1272, 79 L.Ed.2d 677 (1984); *Lombard v. United States,* 690 F.2d 215 (D.C.Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983); *Scales v. United States,* 685 F.2d 970 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1772, 76 L.Ed.2d 344 (1983); *Monaco v. United States,* 661 F.2d 129 (9th Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982); *but see contra West v. United States,* 729 F.2d 1120 (7th Cir.1984). Yet, considering that Judge Weinstein concluded that *Feres-Stencel* did *not* encompass this situation, he may proceed to try the merits of the case. We consider only whether, under all the circumstances, the extraordinary writ of mandamus should now issue.

■ A writ of mandamus of the sort sought here will issue only in extraordinary situations. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980) *(per curiam); Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 661, 98 S.Ct. 2552, 2556, 57 L.Ed.2d 504 (1978); *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964). The use of a writ of mandamus at this stage as an attempt to obtain a "merits type" appeal of an interlocutory order has been rejected by the Supreme Court. *Ex Parte Fahey,* 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947) ("We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies, they are reserved for really extraordinary causes."). *See also In re United States,* 680 F.2d 9, 11 (2d Cir.1982); *In re United States,* 565 F.2d 19 (2d Cir.1977) ("Socialist Workers Party"), *cert. denied,* 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978).

---

**1.** The Government had never been taken out of the case, because no judgment or order of dismissal had been entered upon Order No. 26. *See generally* Rule 54(b), Fed.R.Civ.P.; 6 *Moore's* *Federal Practice* ¶ 54.04[3.–10], (1983); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2654 (1973).

Mandamus is an extraordinary remedy, and "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Will v. United States, supra,* 389 U.S. at 95, 88 S.Ct. at 273 (quoting *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). This Court has noted a special reluctance to grant the remedy: "[M]ere error, even gross error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ." *United States v. DiStefano,* 464 F.2d 845, 850 (2d Cir.1972). *See also Parr v. United States,* 351 U.S. 513, 520, 76 S.Ct. 912, 917, 100 L.Ed. 1377 (1956); *Maryland v. Soper,* 270 U.S. 9, 29–30, 46 S.Ct. 185, 189–190, 70 L.Ed. 449 (1926).

■ We conclude that Order No. 91 is based upon a studied and rational explication of the applicable law with respect to an issue which neither the Supreme Court nor this Court has yet addressed.[2] Whether right or wrong, the Order is clearly within the power of the district court to act, and to reach the conclusion of law which it did. See *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Since that court is not acting beyond its power, we need go no further in our analysis to satisfy ourselves that the petition for mandamus must be denied.

■ We discuss briefly certain of the claims made by the Government in support of the petition. Mandamus may not be granted in this case on any view of "law of the case." It is well established that the interlocutory orders and rulings made pretrial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge. *See, e.g., Slotkin v. Citizens Casualty Co. of New York,* 614 F.2d 301, 312 (2d Cir.1979), *cert. denied,* 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980); *Dictograph Products Co. v. Sonotone Corp.,* 230 F.2d 131, 134–36 (2d Cir.), *petition for cert. dismissed per stipulation,* 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). As Judge Learned Hand said in *Dictograph Products*: "[T]here is no imperative duty to follow the earlier ruling—only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs." 230 F.2d at 135. Even in a criminal case, we have held that such orders are subject to modification upon reassignment, so long as there is no showing "that prejudice [will] ensue to the party seeking the benefit of the doctrine." *United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982); *see generally* 1B *Moore's Federal Practice, supra,* ¶ 0.404[4.–12]; 18 Wright & Miller, Federal Practice and Procedure: Jurisdiction § 4478.

■ The Government claims prejudice arising out of the bystander aspect of its particular in pre-trial discovery, and the imminence of trial. However, we note that the petition does not seek to have us stay the trial; the prayer for relief extends only to a demand that Order No. 91 be vacated. Docketing and scheduling are entrusted to the judgment and sound discretion of the trial courts, reviewable after the trial has

---

**2.** Third-party indemnity claims have been permitted where a civilian was injured directly rather than derivatively as a result of military action. *See, e.g., Lockheed Aircraft Corp. v. United States,* —— U.S. ——, 103 S.Ct. 1033, 1038, 74 L.Ed.2d 911 (1983); *Weyerhauser S.S. Co. v. United States,* 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963); *West v. United States,* 729 F.2d 1120 (7th Cir.1984); *Orken v. United States,* 239 F.2d 850 (6th Cir.1956). That the claims of the wives and children were direct and independent rather than derivative was developed by Judge Weinstein upon a series of hypothetical assumptions, the most interesting of which is that a chemical was sprayed on a serviceman's skin and a civilian also suffered a skin injury when the serviceman later touched and contaminated the civilian (Order No. 91, at 32–33). The court reasoned that the serviceman's suit would be barred by *Feres,* but that the civilian could recover under the FTCA, and reasoned further that if the civilian in the hypothetical were the serviceman's wife, who was contaminated "through the contact entailed in the serviceman's intercourse" with her, resulting in a miscarriage rather than a skin irritation, the wife could still sue under the FTCA. (Order No. 91, at 33).

**14**

been completed, with the trial record available as the basis for such review. *Stans v. Gagliardi*, 485 F.2d 1290, 1292–93 (2d Cir. 1973).

█ In a free swinging attack on the district judge, the Government has pointed to his expressions at oral argument to the effect that the *Feres-Stencel* rule is "unfair" and that the court wished to have the Government restored as an active litigant to "facilitate settlement." These musings of the court would better have been left unsaid. It would be an abuse of judicial power to add or restore a party in a lawsuit simply to facilitate settlement, and Supreme Court precedent, unfair or not, is binding unless such cases can be distinguished, or a basis found to conclude that such rulings have lost their vitality. However, our examination of Order No. 91 shows that the district court did make a reasoned analysis of legal issues within its subject matter jurisdiction, *Bell v. Hood, supra*, and although reasonable persons may differ on the result reached, there was no abuse of power.

█ It was suggested on oral argument that if mandamus were withheld the petition should be treated as a plenary appeal under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We find no basis to do so. Order No. 91 did not decide an independent controversy. All points asserted may be raised fully on the appeal from the final judgment and disposed of on the merits at that time. The Supreme Court recently has indicated an intention to cut back on the litigation explosion by restricting the *Cohen* rule. *See Flanagan v. United States*, — U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (order disqualifying defendant's counsel in a criminal case is no longer immediately appealable); *see also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).

Petition denied.