In the Matter of the Complaint of KOALA SHIPPING & TRADING INC., Plaintiff, As Owner of the NOPAL EXPLORER for Exoneration from or Limitation of Liability.

GROENEVELD COMPANY, INC., and Caribmar Forwarding, Plaintiffs,

v.

M.V. NOPAL EXPLORER, etc., in rem; Koala Shipping & Trading, Inc., and Concorde/Nopal Line, in personam, Defendants.

Nos. 83 Civ. 6226, 83 Civ. 5517 (KTD).

United States District Court,
S.D. New York.

May 15, 1984.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiffs; Thomas E. Willoughby, New York City, of counsel.

Donovan, Maloof, Walsh & Kennedy, New York City, for various cargo claimants; Donald E. Kennedy, Judith A. Machmer, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City; for Barber Blue Sea Line and Nordana Line; Vincent De Orchis, New York City, of counsel.

Healy & Baillie, New York City, for plaintiff Koala Shipping & Trading Inc.; John D. Kimball, Elisa M. Pugliese, New York City, of counsel.

Nourse & Bowles, New York City, Hayden & Milliken, P.A., Miami, Fla., for Concorde/Nopal Line; Lawrence J. Bowles, Shaun F. Carroll, New York City, Reginald M. Hayden, Miami, Fla., of counsel.

McLaughlin, Simone & Lawlor, New York City, for various claimants; John R. Seybert, New York City, of counsel.

Bleakley, Platt, Remsen, Millham & Curran, New York City, for Mut. Marine Office, Inc. and Marine Managers for Utica Mut. Ins. Co.; A. Wax, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Concorde/Nopal Line ("Concorde") seeks by Order to Show Cause an order directing Koala Shipping & Trading Inc. ("Koala") to produce in either Bremen, Germany or New York, New York on May 16, 1984, its President, Mr. Harold Aumann, Sr., its managing agent, Mr. H. Theilemann, and its insurance agent, Mr. Ludwig Kruse, for the purpose of being deposed. Furthermore, Concorde seeks an order directing Koala to produce all documents relevant to (a) the sale of the vessel Nopal Explorer to Lorain Investments Corporation ("Lorain"), (b) the guarantee of the mortgage on the ship, and, (c) all documents concerning the repair of the ship.[1] Submissions on the motion were made by both parties and a short hearing was held on May 10, 1984, at which time additional submissions were made. At the hearing, I resolved Concorde's application as it concerned the depositions. Koala had conceded in its opposition papers and at the hearing that both Aumann and Theilemann would be available to be deposed in Bremen. Indeed, Theilemann's deposition began in November and will be continued.

---

1. By affidavit dated May 11, 1984, counsel for Concorde seeks a ruling on whether it may have two attorneys conduct the questioning at the depositions. Counsel for Koala objects and rightfully so. There is no reason to subject the witnesses to the confusion and pressure that will result from joint questioning by Mr. Hayden and Mr. Bowles. Concorde's application is denied.

Affidavit of John D. Kimball at 1. Concorde also sought, however, to have Koala ordered to produce its insurance agent, Kruse. As I noted, Kruse is not an employee of Koala and Koala is therefore in no position to compel his attendance. Accordingly, Concorde's application for an order directing Koala to produce Kruse is denied. I turn to Concorde's application for an order directing the production of certain documents.

By memorandum endorsement dated November 29, 1983, I consolidated the limitation of liability action *In re Koala Shipping & Trading Inc.*, No. 83 Civ. 6226, then before Judge Goettel, with *Groenveld Company, Inc. v. M.V. Nopal Explorer*, No. 83 Civ. 5517, which was before me. I will not repeat the facts or the complicated procedural history of this case and will assume familiarity with my prior opinions.

I note, however, that after the two actions were consolidated, Koala moved to stay the action pending arbitration. By memorandum and order dated February 2, 1984, I granted Koala's motion but only insofar as the action related to the relative liability of Koala and Concorde for the capsizing of the Nopal Explorer. Thus, the arbitration between Concorde and Koala is proceeding simultaneously with the limitation of liability proceeding pending before me. A three-member panel has been formed and the first hearing was held on May 7, 1984.

In support of its application for a discovery order, Concorde asserts that it received information on April 30, 1984, that related to the sale of the vessel Nopal Explorer, a defendant *in rem* in this action. In September 1983, the Nopal Explorer was taken under tow to Germany allegedly for repairs. However, when she arrived in Europe, the Nopal Explorer was arrested by its mortgagee. Koala had defaulted on its mortgage payments. The Nopal Explorer allegedly was sold on November 23, 1983 in Rotterdam in a judicial sale to Lorain for $1,250,000. Concorde's position is that the sale was "orchestrated" in order to effect the sheltering of assets from Concorde and the other cargo claimants in the limitation of liability action. Specifically, Concorde states that it believes that the buyer of the ship is related to Koala and that the sale of the vessel was a sham.

▮ Concorde sought to have a subpoena duces tecum issued and a discovery order executed by the panel of arbitrators. The panel convened on May 7, 1984, and stated that it was "unsure" of its power and suggested to Concorde that it present the same application to me. Concorde has done so. Although the panel clearly has the power to "summon in writing any person to attend before them ... and in a proper case to bring with him ... any book, record, document, or paper which may be deemed material as evidence in the case," *see* 9 U.S.C. § 7, I see no purpose in sending Concorde back to the panel for the relief it seeks. The scope of Concorde's discovery is relevant to the issues before the arbitration panel request, and moreover, may in fact be even more significant to the issues involved in the case before me.

Koala opposes Concorde on the grounds that (1) the arbitrators do not have the power to order the discovery that has been requested because it concerns nonarbitrable disputes, (2) the court can only grant discovery which is relevant to the subject matter of the case before it, (3) Judge Goettel's order dated November 17, 1983 denying "a restraint in this proceeding upon the shipowner from disposing of any of its assets, or discovery in this action concerning the location of the shipowner's assets," Affidavit of John D. Kimball, Exh. A, is the law of the case, (4) Concorde has failed to show that it is likely to succeed in Rotterdam if it seeks to attack the judicial sale, and (5) there was no fraud involved in the sale of the Nopal Explorer. I turn to Koala's arguments *seriatim*.

▮ First, I have already stated that 9 U.S.C. § 7 authorizes arbitrators to subpoena individuals and documents and that in this instance, the material sought is relevant to the issues before the arbitrators. In the future, the panel should exercise its

power. Second, the discovery that is requested does not concern matters outside of the scope of the action before me. Indeed, the rights of the cargo claimants are implicated directly by the propriety of the judicial sale of the vessel in Rotterdam.

Third, Judge Goettel's order does not constitute law of the case. As Judge Goettel recognized, the facts were not fully developed at the time that the motion was before him. The relief sought in that motion was to lift a limitation injunction to permit the claimants to sue the shipowner Koala wherever the hull insurer was susceptible to jurisdiction and to permit them to intervene in the judicial sale that was to take place in Rotterdam. It appears that Concorde has recently come into possession of additional information since the sale has taken place that was not before Judge Goettel. Moreover, even assuming that the facts are identical, Judge Goettel's ruling is not "law of the case." *See In re Agent Orange Product Liability Litigation,* 733 F.2d 10 at 13 (2d Cir.1984) (it is well established that pretrial interlocutory orders and rulings are subject to modification at any time and may be modified to the same extent by the judge to whom the case is reassigned).

Fourth, Koala argues that Concorde has not shown that "under the law of [the Netherlands] it has even a *prima facie* case of fraud." Affidavit of John D. Kimball at 8. It is true that Concorde states that if the requested discovery reveals that the judicial sale was a fraud, then the "cargo claimants must take immediate steps to petition the court in Rotterdam to invalidate the sale on the ground that it was fraudulent." Affidavit of Lawrence J. Bowles at 10. The relevant inquiry, however, is not whether, if Concorde chooses to utilize the discovery it obtains to proceed in Rotterdam, it will succeed on the merits. Generally, the scope of permissible discovery is broad; "[p]arties may obtain discovery regarding any matter, not privileged, which is *relevant to the subject matter involved* in the pending action ...." Fed.R.Civ.P. 26(b)(1) (emphasis sup-

plied). The discovery may relate to the claim or defense of Concorde or "to the claim or defense of any other party ...." *Id.* "[T]he existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter" are all subject to discovery under the federal rules. *Id.*

In a limitation of liability proceeding such as Koala has commenced in this court, the owner's liability for the loss of cargo "shall not ... exceed the amount or value of the interest of such owner in such vessel and her freight then pending." 46 U.S.C. § 183. The value of the vessel is to be determined by deducting the cost of repairs, if they are not excessive, from the pre-accident value of the vessel. *In re Bloomfield Steamship Co.,* 298 F.Supp. 1239, 1248 (S.D.N.Y.1969), *aff'd,* 422 F.2d 728, 735 (2d Cir.1970). Because Koala defaulted on the mortgage payments and the Nopal Explorer was sold in its damaged condition at a judicial sale to the sole bidder, the "value of the vessel" may be subject to debate. Thus, it is apparent that the potential for recovery by the cargo claimants may be adversely impacted by the judicial sale given the nature of a limitation of liability proceeding. Furthermore, Koala's assets are not extensive; it allegedly owned only one ship—the Nopal Explorer. In addition, Koala's liability has already been determined to be in excess of the amount deposited in the limitation fund ($567,000). *See* Affidavit of Raymond P. Hayden at 2. Thus, there arguably would be no other assets to attach or arrest.

Fifth, Koala's claim that there is no fraud is an argument subsumed within its fourth argument. I will address it no further as it is also frivolous.

Accordingly, Koala and its President, Harold Aumann and its managing agent, H. Theilemann are ordered to appear in connection with the depositions scheduled for May 16, 1984, in Bremen and to bring with them the following records and documents

pertaining to the M.V. Nopal Explorer which is now called the Lorain Trader:

1. All certificates of incorporation and all amendments thereto up to the date of the depositions of Koala Shipping & Trading Inc., Mare Schiffahrtskontor, Navales Ship Management & Consulting (Pte.) Ltd. and Lorain Investments Corporation;

2. The minutes of the meetings of the Boards of Directors of the above-mentioned corporations from July 13, 1983 to the date of the deposition;

3. All corporate resolutions of the Boards of Directors of the above-mentioned corporations from July 13, 1983 to the date of the deposition;

4. Lists of the officers, directors, and shareholders, (with their respective share holdings identified) in the above-mentioned corporations;

5. All books of account of the above-mentioned corporations covering the period, July 1, 1983 to the present date;

6. All contracts, agreements, letters, telexes and writings of any sort between Koala, Mare, Lorain, Navales, Harold Aumann, H. Theilemann and L. Kruse or between or among any two or more of them in effect on July 13, 1983 or made or written after July 13, 1983 up to the date of the deposition;

7. All communications, including letters, telexes, notes, memoranda, contracts, loan guarantees and agreements between Koala, Mare, Navales, Lorain, Harold Aumann, H. Theilemann and the Deutsche Schiffsbeleihungs Bank AG of Hamburg between July 13, 1983 and the date of the deposition; and

8. All written communications including letters, telexes, notes, memoranda, agreements, contracts, insurance policies, payment orders and copies of insurance settlement checks between Koala, Mare, Navales, Lorain, Harold Aumann, H. Theilemann, L. Kruse and the hull insurance underwriters, brokers, and agents of the Nopal Explorer and Lorain Trader between July 13, 1983 and the present date.

SO ORDERED.