UNITED STATES of America, Appellee,

v.

Carol BIRNEY, Defendant-Appellant.

No. 980, Docket 82–1011.

United States Court of Appeals,
Second Circuit.

Argued April 22, 1982.

Decided Aug. 9, 1982.

Paul Shechtman, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty. for the Southern District of New York, Edward J. M. Little, Walter P. Loughlin, Asst. U. S. Attys., New York City, on the brief), for appellee.

Irving P. Seidman, New York City (Lawrence H. Silverman, Seidman & Dochter, P. C., New York City, on the brief), for defendant-appellant.

Before OAKES, CARDAMONE and WINTER, Circuit Judges.

CARDAMONE, Circuit Judge:

In 1974 Carol Birney began working as a teller at the Suffern, New York, branch of the Marine Midland Bank, N. A. That branch burned to the ground in January 1978. An audit conducted immediately thereafter revealed Birney's cash account was short by approximately $39,000. The Federal Bureau of Investigation began an enquiry and within a month a grand jury

issued a subpoena for the bank's books and records. Three years then elapsed before a four-count indictment was handed down on March 20, 1981. It charged Birney with embezzlement (Count 1) in violation of 18 U.S.C. § 656 and with making false entries on her teller proof sheets in January (Count 2), August (Count 3) and October (Count 4) of 1977, in violation of 18 U.S.C. § 1005.

Based on the unavailability of many bank records, the defendant moved on June 30, 1981 to dismiss the indictment on the ground that she had been prejudiced by the three years of preindictment delay. Specifically, defendant contended that because these records were either lost or destroyed during the interim her ability to defend herself against the charges was impaired. A hearing was held before the Honorable Charles L. Brieant, United States District Court Judge for the Southern District of New York, to ascertain whether defendant had been prejudiced. Following a four-day hearing Judge Brieant concluded that the defendant had suffered substantial prejudice with respect to her ability to defend herself against the embezzlement charge because of negligence on the part of the Government in failing to retrieve and safeguard documentary evidence bearing on the issue of her guilt or innocence. The district court thereupon dismissed the embezzlement count, but denied defendant's motion to dismiss the remaining counts of the indictment.

Trial was later had on the remaining three counts before District Judge John M. Cannella, to whom the case had been reassigned. The Government's proof of defendant's guilt was premised on the theory that the defendant made the false entries in order to cover up her suspected embezzlement. As part of its evidence the Government introduced certain records which had previously been the cornerstone of the embezzlement charge. Over objection from defense counsel, Judge Cannella admitted these documents into evidence believing them relevant to prove defendant's motive for making the charged false entries. In December 1981, the jury found the defendant guilty on all three counts of making

false entries. It is from this judgment of conviction that Birney appeals.

Her appeal raises several issues only two of which require extensive discussion: whether defendant suffered any prejudice occasioned by delay from the commission of the offense to the filing of the indictment and whether it was proper to introduce proof of defendant's embezzlement at her trial on a charge of making false entries, even though the charge of embezzlement had been dismissed prior to trial.

I

As to the first point, defendant urges that the district court erred because while it granted the motion to dismiss the embezzlement count it denied the same motion with respect to the false entry counts of the same indictment. Defendant maintains that the Government had enough relevant evidence in its possession to file an indictment against her at the time of the bank's compliance with the grand jury subpoena on February 10, 1978. Thereafter, as a result of either the record retention policy of the bank or a personal decision by one of its officers, various documents were destroyed or lost. Without these documents, defendant claims substantial prejudice at trial because of her inability adequately to defend herself.

It appears that defendant urges as grounds for reversal that she was denied a speedy trial and that her right to due process was violated. Defendant's constitutional arguments are devoid of substance. They amount to no more than an airy spume which has been floated on gossamer grounds. That these arguments lack merit is shown by the very cases relied on by defendant, none of which provide support for her contentions. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

In *Marion* the issue was whether a three-year delay between the occurrence of the criminal acts and the filing of an indict-

ment rose to constitutional proportions mandating a dismissal of the charges. The Court held that the Sixth Amendment guarantee of a speedy trial did not apply absent an indictment, information, arrest, or holding. Until one of these events occurs, "a citizen suffers no restraints on his liberty and is not the subject of public accusation." 404 U.S. at 321, 92 S.Ct. at 464. No violation of defendant's Sixth Amendment right to a speedy trial may properly be found here.

The primary guarantee a citizen possesses against stale or long-delayed criminal charges being made against him is the legislatively enacted statute of limitations. *See United States v. Ewell,* 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966). The purpose of a statute of limitations is explained in *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970): "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." A statute of limitations thus serves as a definite legislative time limit to guide a prosecutor in filing an indictment.

■ Events predating the filing of an indictment and occurring within the limitation time-frame, however, may result in actual prejudice. In such case an accused's rights are not fully fixed by the statute of limitations and the Due Process Clause of the Fifth Amendment is considered. Proof of prejudice is a necessary element in stating a valid due process claim, though it is not sufficient by itself since the inquiry focuses not only on prejudice to the accused but also on the reasons for the claimed oppressive delay. *Lovasco,* 431 U.S. at 790, 97 S.Ct. at 2048; *see also United States v. Snyder,* 668 F.2d 686, 689–90 (2d Cir. 1982).

With these considerations in mind we turn to the facts in this case. As noted, the grand jury subpoenaed and subsequently received assorted bank records. Two years later the Government subpoenaed and ultimately received from the Treasury Department copies of defendant's income tax returns which were believed probative of the crimes charged. During the intervening period bank records allegedly vital to Birney's defense were lost. The district court dismissed the embezzlement count upon its finding of actual prejudice to defendant and negligence by the Government in its handling of the case.

■ Defendant asks us on this appeal to dismiss the remaining false entry counts of the indictment for the same reasons.[1] In light of the previous disposition of count one the request seems plausible on its face; but, it is utterly lacking in foundation since the defendant has failed to demonstrate actual prejudice in light of other evidence of guilt which the Government presented.

The burden of demonstrating actual prejudice is on defendant, and the proof of

---

1. We express no opinion at this time as to the propriety of dismissing an indictment for reason of prosecutorial negligence. In *United States v. Lane,* 561 F.2d 1075, 1077 (2d Cir. 1977), we merely stated that *illegitimate* motives on the part of the Government together with actual prejudice might sustain the dismissal of an indictment. In *United States v. Elsbery,* 602 F.2d 1054, 1059 (2d Cir.), *cert. denied,* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979), we used the words "unjustifiable Government conduct." Recent case law from other circuits indicates differing views as to which reasons are sufficient to dismiss an indictment. *Compare United States v. Riley,* 657 F.2d 1377, 1389 (8th Cir. 1981) ("[a]ppellant failed to show that the delay was intentional or undertaken in order to gain a tactical advantage") and *United States v. Shaw,* 555 F.2d 1295, 1299 (5th Cir. 1977) (combination of investigatory delay and delay caused by the necessity of allocating prosecutorial resources was not sufficient to support a finding of a denial of due process) with *United States v. Townley,* 665 F.2d 579, 586 (5th Cir. 1982) (prosecutorial overload and insufficient personnel, if coupled with substantial prejudice, may be entitled to slight weight in finding a deprivation of due process). *See also Parratt v. Taylor,* 451 U.S. 527, 548 & n.5, 101 S.Ct. 1908, 1919 & n.5, 68 L.Ed.2d 420 (1981) (Powell, *J.* concurring) ("[a] 'deprivation' connotes an intentional act denying something to someone, or, at the very least, a deliberate decision not to act to prevent a loss").

prejudice must be definite and not speculative, *United States v. Swacker*, 628 F.2d 1250, 1254 (9th Cir. 1980). *See also United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir.), *cert. denied*, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979); *United States v. Hauff*, 395 F.2d 555, 556–57 (7th Cir.), *cert. denied*, 393 U.S. 843, 89 S.Ct. 124, 21 L.Ed.2d 113 (1968). To sustain her burden of proof, the defendant must "demonstrate how [the loss of evidence] is prejudicial" to her. *United States v. Mays*, 549 F.2d 670, 677 (9th Cir. 1977). Without definite proof as to this essential element no due process claim has been stated. Thus, we find no merit to any claimed violation of defendant's Fifth Amendment due process rights arising from alleged preindictment delay.

## II

Turning to the second point, defendant contends that the district court erroneously allowed evidence of embezzlement to be utilized at her trial. The evidence consisted of two bank audits of Birney's cash drawer, one of which showed a substantial shortage, thus pointing to the possibility of embezzlement. In support of this argument defendant claims that the evidence in question was so prejudicial that Judge Brieant felt compelled to dismiss the embezzlement count. Alternatively, she argues that since Judge Brieant ruled on the admissibility of the evidence prior to trial, its admission is precluded by the law of the case. The Government asserts that Judge Cannella acted well within his discretion as trial judge to admit the proffered evidence.

The starting point for any evidentiary question involving unfair prejudice is Federal Rule of Evidence 403, which provides, in part, that: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The test of relevance is a flexible one, requiring only that the proffered evidence make the existence of a fact more or less probable than it would be without the evidence, Fed.R.Evid. 401. Upon satisfying itself that the tendered evidence is relevant, a district court must set

about the task of weighing probative value against unfair prejudice. When probative value is substantially outweighed by unfair prejudice, the trial court is empowered, at its discretion, to exclude the evidence.

In this context unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Note to Fed.R.Evid. 403. Put another way, courts should be sensitive to any "unfair advantage that results from the capacity of the evidence to persuade by illegitimate means." 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5215 at 275 (1978).

■ The task of weighing these competing interests belongs to the trial judge. Because the trial court is in a better position to evaluate all the circumstances connected with these interests, it is given broad discretion. *United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977) (en banc), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978). Absent an abuse of that discretion, the decision of the trial judge must stand. *United States v. Albergo*, 539 F.2d 860, 863 (2d Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 529, 50 L.Ed.2d 611 (1976). To find abuse the appellate court must find that the trial court acted arbitrarily or irrationally. *Robinson*, 560 F.2d at 515. To avoid acting arbitrarily a trial court applying Rule 403 must make a "conscientious assessment" of whether unfair prejudice substantially outweighs probative value. *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

■ At the time when the issue of unfair prejudice was raised below, which was prior to trial, Judge Cannella carefully reviewed the documents offered by the Government. He indicated that this documentary evidence would be allowed for one purpose only—to prove motive under Fed.R.Evid. 404(b). During the course of the trial, he gave the jury an instruction limiting their use of this evidence to the sole purpose of proving motive.

It is not being allowed in evidence to show you that simply because you find as

a fact beyond a reasonable doubt that she did commit acts of embezzlement that she th[e]refore is guilty of these crimes. It is not for that purpose. It's only to show whether or not she had a motive or opportunity for doing the acts that are named in your indictment, three false [entry] statements. You are not trying her on embezzlement.

Trial Transcript at 316. In its charge to the jury the court reiterated the limited purpose of the evidence.

On the record before us we are not prepared to say that Judge Cannella abused his discretion. Further, we note that other courts have allowed evidence of embezzlement to be admitted to prove motive for other crimes. In *United States v. Dansker*, 537 F.2d 40 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977), evidence of embezzlement which showed a motive for bribery was ruled admissible, while in *United States v. Clay*, 495 F.2d 700 (7th Cir.), *cert. denied*, 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974), proof of embezzlement was permitted to establish at least one motive for an attempted burglary.

■■■ Defendant has further argued that the Government was precluded by the law of the case from using the disputed evidence. She contends that by dismissing with prejudice count one of the indictment, Judge Brieant intended to bar the Government's use of the embezzlement evidence at trial, and that Judge Cannella, as a judge of coordinate jurisdiction, was bound by that prior ruling. The doctrine of the law of the case is not an inviolate rule in this Circuit. In *Slotkin v. Citizens Casualty Co. of New York*, 614 F.2d 301, 312 (2d Cir. 1979), *cert. denied*, 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980), we reiterated our long-established view that the law of the case is, at best, a discretionary doctrine which "does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided. *Dictograph Products Co. v. Sonotone Corp.*, 230 F.2d 131, 134–36 (2d Cir.), *petition for cert. dismissed per stipula-*

*tion*, 352 U.S. 883 [77 S.Ct. 104, 1 L.Ed.2d 82] (1956)." Thus, judges of coordinate jurisdiction are not bound by each others rulings, but are free to disregard them if they so choose. The only limitation placed upon a trial judge's decision to disregard a previous ruling by a judge of coordinate jurisdiction is that prejudice not ensue to the party seeking the benefit of the doctrine. *See First National Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n.3 (2d Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135 (1976). In this context prejudice does not mean the harm which results from a failure to apply the doctrine; rather, it refers to a lack of sufficiency of notice and an opportunity to prepare armed with the knowledge that one judge is disregarding the ruling of another. *Id.*

■■■ Although the law of the case ordinarily governs, special considerations come into play when the admissibility of evidence is involved. The judge who actually presides at trial must be accorded wide discretion in deciding either to admit or exclude evidence, since it is he who determines the course which the trial is to take. *See Cruz v. United States Lines Company*, 386 F.2d 803, 804 (2d Cir. 1967). When a trial judge believes evidence to be relevant "it could be reversible error to blindly adhere to [a] prior order." *Control Data Corp. v. International Business Machine Corp.*, 421 F.2d 323, 327 (8th Cir. 1970). Thus in deciding whether to admit the proffered evidence the trial record to that point should be the decisive factor, not a pre-trial order of another judge.

■■■ Even assuming that the ruling that the Government could not prosecute the defendant on the embezzlement count was broad enough to cover evidentiary matters, as defendant would have us hold, still, it cannot be said that the trial judge was bound to follow it in light of our view respecting the application of the law of the case doctrine. We find neither an abuse by the trial judge of his discretion in admitting evidence of the embezzlement, nor prejudice to defendant since it was clear from

the outset of the trial that Judge Cannella intended to admit this evidence.[2]

### III

█ We comment only briefly on defendant's remaining contentions. On cross-examination of defendant's character witness, Reverend Thomas Gallagher, the trial court allowed the Assistant United States Attorney to probe into specific instances of misconduct committed by the defendant. For example, the prosecutor asked Reverend Gallagher if he was aware that the defendant made loan applications to various banks without disclosing certain liabilities. When the witness responded in the negative, the prosecutor then asked if the non-disclosures would have affected the witness' opinion of defendant's character. To this question, Reverend Gallagher answered affirmatively.

Defense counsel objected and sought an offer of proof from the Government regarding the alleged nondisclosure. After satisfying himself that underlying proof existed, Judge Cannella denied the objection. The jury was given limiting instructions as to what use it might make of the cross-examination testimony. Specifically, the jury was told that "all this testimony is directed towards the weight that shall be given to this witness' testimony as to the tr[u]th and veracity of the defendant.... It is simply a matter of what weight shall be given to this testimony." Trial Transcript at 968. Defendant asserts that the cross-examination was prejudicial and lacking in good faith. But we are persuaded by the memorandum of Judge Cannella in which he later stated his reasons for allowing the cross-examination. "The Court, after balancing these competing interests finds that the probative value of the government's inquiry on cross-examination outweighs its prejudicial impact and that this line of questioning is relevant to the testimony elicited in direct examination by defendant."

Defendant also alleges that the prosecutor's summation was so prejudicial and improper as to warrant a reversal of the conviction. While we agree that several of the prosecutor's remarks were improper, such did not result in substantial prejudice or deny her a fair trial. *See generally United States v. Modica,* 663 F.2d 1173, 1181–82 (2d Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982); *United States v. Swacker,* 628 F.2d 1250, 1254 (9th Cir. 1980). The argument raised respecting denial of motions for a mistrial is without merit.

The judgment of conviction is affirmed. The mandate of the court should issue forthwith.

count upon which defendant had been acquitted. Such is distinguishable from the instant case where the issue of Birney's responsibility for the bank's shortages has not been litigated or judicially determined.

---

2. *United States v. Mespoulede,* 597 F.2d 329 (2d Cir. 1979) involved an acquittal on one count and a retrial on another. We held that at the retrial the collateral estoppel element of the Double Jeopardy Clause barred the Government from introducing evidence regarding the