**UNITED STATES of America,**
**Appellee,**

v.

**Maria Mercedes ANGELO, also known as "Green Eyes", Troy Jennings, Defendants–Appellants.**

**Docket Nos. 03–1174(L), 03–1176(CON).**

United States Court of Appeals, Second Circuit.

Feb. 3, 2004.

Morris J. Fodeman, Special Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas, Assistant United States Attorney, of counsel), for Appellee.

Michael H. Handwerker, Hankin, Handwerker & Mazel, New York, NY, for Maria Mercedes Angelo Colleen P. Cassidy, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Troy Jennings, for Defendants–Appellants.

PRESENT: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

On March 20, 2003, defendants-appellants Maria Mercedes Angelo and Troy Jennings were convicted, after a jury trial, of various robbery, conspiracy, and weapons charges that arose out of their participation in a string of robberies at several post offices and a laundromat. The existence of federal jurisdiction with respect to the post office robberies and the weapons charges is uncontested. But, as regards the crimes that took place at Broadway Bubbles Laundromat, the defendants argue that there was insufficient evidence of an effect upon interstate commerce to sustain federal jurisdiction under the Hobbs Act, 18 U.S.C. § 1951.[1] They also maintain that the spillover effect of the allegedly improper Hobbs Act prosecution fatally tainted their other convictions. In addition, Angelo contends that the district judge erroneously denied her motion for severance, and violated the law of the case by overruling a pretrial evidentiary ruling made by a previous district judge.

We begin with a brief description of the events at the laundromat, viewing the evidence, as we must, in the light most favorable to the government, and crediting all possible inferences that the jury might have made in favor of the government. *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir.2000). According to witnesses, on March 16, 2002, two men entered the Broadway Bubbles laundromat. One approached various patrons with a gun and demanded and received their valuables and money. The other went to the back of the laundromat where a woman made change for the machines. Angel Torres, who committed the robbery with Jennings, testified that he was the one who went into the back of the laundromat, and that he had demanded "the money" from the "coin girl." She told him that she had already turned all of the money in to her boss, and Torres then departed with Jennings. Although the events at the laundromat were charged in the indictment as a robbery, the jury was instructed to interpret the count as an attempted robbery charge, presumably because no assets of the laundromat itself were taken.

■ Defendants claim that jurisdiction over this attempted robbery could not be established under the Hobbs Act, because the evidence was insufficient to show that the crime targeted the assets of a business operating in interstate commerce. In

---

1. The Hobbs Act provides, in relevant part,

   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

   18 U.S.C. § 1951(a).

bringing a sufficiency of the evidence claim, they "bear[ ] a very heavy burden." *United States v. Scarpa,* 913 F.2d 993, 1003 (2d Cir.1990) (quotation marks and citation omitted). We repeatedly have affirmed that the government need make "only a *de minimis* showing to establish the necessary nexus for Hobbs Act jurisdiction." *United States v. Fabian,* 312 F.3d 550, 554 (2d Cir.2002). The effect on interstate commerce can be "slight, subtle or even potential," *Jund v. Town of Hempstead,* 941 F.2d 1271, 1285 (2d Cir.1991), and it may also be "indirect," *United States v. Elias,* 285 F.3d 183, 189 (2d Cir.2002).

In the instant case, Torres testified that he sought to rob the "coin girl," and a witness testified that "the woman who was working in the laundromat" came out after Torres departed and said "I got robbed." These suffice to show that the attempted robbery "targeted the assets of a business."[2] *United States v. Perrotta,* 313 F.3d 33, 37–38 (2d Cir.2002). The nexus to interstate commerce was shown by the testimony of the owner of the laundromat, who indicated that he made regular payments for some of his laundry machines to a supplier in Wisconsin. Although slim, on our precedents, these facts are sufficient, under a depletion of assets theory, to authorize an attempted robbery prosecution under the Hobbs Act. *See Elias,* 285 F.3d at 189.[3]

Angelo argues, in addition, that her motion to sever her trial from that of Jennings was erroneously denied. Under Rule 14 of the Federal Rules of Criminal Procedure, a district court may grant a severance of defendants if it appears that a defendant will be prejudiced by a joinder. Fed.R.Crim.P. 14(a). But the decision to sever a joint trial "is committed to the sound discretion of the trial judge, and the denial of a severance motion should be reversed only when a defendant can show prejudice so severe as to amount to a denial of a constitutionally fair trial, or so severe that his conviction constituted a miscarriage of justice." *United States v. Blount,* 291 F.3d 201, 209 (2d Cir.2002) (internal quotation marks and citations omitted). No such showing was made in this case. The district court's ruling was well within its discretion.

■ Finally, Angelo contends that the district court violated the law of the case by overruling an evidentiary ruling made by the district judge who had presided over the case before trial. The law of the case "is, at best, a discretionary doctrine which 'does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.'" *United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982) (quoting *Slotkin v. Citizens Casualty Co.,* 614 F.2d 301, 312 (2d Cir.1979)). And we have noted that "special considerations come into play when the admissibility of evidence is involved. The judge who actually presides at trial must be accorded wide discretion in deciding either to admit or exclude evidence, since it is he who determines the course which the trial is to take.... Thus in deciding whether to admit the proffered evidence the trial record to that point should be the decisive

---

2. The defendants argue that there was no proof that this "coin girl" actually controlled any assets of the business. But in fact there was: Torres testified that the coin girl informed him that she had no money to give him because she had already given it to her boss.

3. Since we conclude that Hobbs Act jurisdiction was proper, defendants' spillover argument necessarily fails.

factor, not a pre-trial order of another judge." *Id.* Furthermore, Angelo has not shown that the changed ruling prejudicially surprised her or denied her "an opportunity to prepare armed with the knowledge that one judge is disregarding the ruling of another." *Id.*

We have considered all of defendants' claims and find them meritless. We therefore AFFIRM the judgment of the district court.