16-3033-cv
Novick v. AXA Network LLC, AXA Advisors, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of October, two thousand seventeen.

Present:        RALPH K. WINTER,
                JOHN M. WALKER, JR.,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

STEVEN S. NOVICK,

                    *Plaintiff-Counter-Defendant-Appellant*,

            v.                                          16-3033-cv;
                                                        16-3749-cv

AXA Network, LLC, AXA Advisors, LLC,

                    *Defendants-Counter-Claimants-Appellees*.

_____

Appearing for Appellant:    Lynne M. Fischman Uniman, Andrews Kurth Kenyon, LLP, New York, N.Y. (Michael S. Finkelstein, Finkelstein & Feil, LLP, Bohemia, N.Y., *on the brief*)

Appearing for Appellee:     Frank C. Morris, Jr. (Ronald Green, Aime Dempsey, David Clark, *on the brief*), Epstein Becker & Green, PC, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court on the merits in favor of AXA be and hereby is **AFFIRMED**, and that the order with respect to AXA's attorney fees be and hereby is **REMANDED** for further consideration.

Plaintiff-Counter-Defendant-Appellant Steven Novick appeals from several rulings by the United States District Court for the Southern District of New York (Hellerstein, *J.*) issued over the course of lengthy litigation, specifically: a February 1, 2011 order dismissing tort-based claims; a September 15, 2016 order granting attorney fees to defendants; and rulings made prior to and during a trial held between June 27, 2016 and July 14, 2016 that disallowed expert testimony, excluded parol evidence, and denied an adverse inference that had been previously approved by the district court. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In November 2002, Novick, a stockbroker and insurance salesman with a sizeable book of clients, entered into several agreements with AXA Advisors, a broker/dealer, and AXA Network, an insurance company (collectively, "AXA"), pursuant to which Novick became affiliated with those companies as an independent contractor. AXA also agreed to loan Novick a total of $1.5 million to assist in his employment transition. In connection with these loans, Novick executed promissory notes in favor of AXA, one in January 2003 for $500,000 (the "January Note") and the other in August 2003 for $1 million (the "August Note"). The parties also signed a "clarifying document," which provided that Novick's customer lists acquired prior to his affiliation with AXA that did not pertain to his business with AXA would remain his property.

Novick's affiliation with AXA was terminated in October 2006. Novick asserts that AXA retaliated against him for whistle-blowing on a fellow AXA affiliate, while AXA claims that Novick violated its business practices. Novick brought suit alleging a variety of contract and tort-based claims; AXA counter-sued for the balance of the notes.

On appeal, Novick first challenges the district court's 2011 order dismissing his tort-based claims as duplicative of his contract claims. We review a district court's grant of a motion to dismiss de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts are generally precluded, unless based on a duty independent of the contract. *See N.Y. Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308 (Ct. App. 1995); *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011); *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005). As a result, "causes of action ... based on the same facts as the cause of action to recover damages for breach of contract" generally should be dismissed as duplicative of the contract claim. *Edem v. Grandbelle Int'l, Inc.*, 988 N.Y.S.2d 244, 245 (2d Dep't 2014).

Here, the district court did not err in dismissing Novick's tort-based claims as duplicative of his breach of contract claim. Beyond the bare argument that his tort claims "implicate different legal duties," Novick did not allege any actionable legal duty owed to him by AXA, outside the contract, that would support a tort-based claim. Indeed, Novick himself has repeatedly acknowledged that the tort-based claims are based on contractual obligation.

Novick also challenges the district court's refusal to give a previously approved adverse inference, arguing that the district court violated the law-of-the-case doctrine. We review a district court's adherence to its prior rulings under the law-of-the case doctrine for abuse of discretion. *See Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001). "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). However, we have noted that "[t]he doctrine of the law of the case is not an inviolate rule," *United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982); rather, the doctrine "is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment," *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (citation omitted). The decision whether or not to apply law-of-the-case is, in turn, informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine. *Birney*, 686 F.2d at 107. "In this context, prejudice refers to a lack of sufficiency of notice or a lack of sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling." *Uccio*, 940 F.2d at 758 (quoting *Birney*, 686 F.2d at 107).

In the instant case, the district court initially ordered an adverse inference in 2015, finding that AXA had acted improperly in connection with certain audio tapes that documented the period immediately prior to and following Novick's termination. At the final pretrial conference in 2016, the district court heard argument on a motion made by AXA to preclude the adverse inference, and reserved decision. Ultimately, the district court declined to give the adverse inference charge. Under these circumstances, Novick had extensive notice that the court intended to reconsider its earlier ruling, given AXA's motion and the district court's clear indication that it would consider the matter further. Thus, Novick did not lack "sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling." *Uccio*, 940 F.2d at 758 (quoting *Birney*, 686 F.2d at 107).

Next, Novick challenges myriad evidentiary rulings. "We review a district court's evidentiary rulings, including those as to expert testimony, for abuse of discretion." *Callahan v. Wilson*, 863 F.3d 144, 153 (2d Cir. 2017) (citing *Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012)).

First, Novick argues that he was impermissibly prevented from calling an expert at trial. Expert testimony should be liberally admitted, if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence." Fed. R. Evid. 702; *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). "The proponent of the expert testimony has the burden to establish the [Rule 702] admissibility requirements, with the district court acting as a gatekeeper to ensure that the expert's testimony both rests on a reliable

3

foundation and is relevant to the task at hand." *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (citation omitted).

Generally, Novick argues that the trial was riddled with technical terms and that the jury would have benefitted from expert testimony on the operation of the compensation agreements. However, Novick has not specified what technical language he believes required expert explication, nor has he provided any basis to conclude that the compensation calculations were beyond the ken of the average juror. As a result, we find no abuse of discretion in the district court's decision to bar expert testimony.

Next, Novick argues that he was wrongly precluded from entering parol evidence of his negotiations with AXA regarding his compensation. In New York, "it is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 815-16 (2d Cir. 2014) (citing *W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 163 (Ct. App. 1990)). "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing." *W.W.W. Assocs.*, 77 N.Y.2d at 162. Parol evidence "is admissible only if a court finds an ambiguity in the contract." *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (Ct. App. 2013).

In the main, Novick argues that his affiliation agreements are ambiguous because of two references to commissions paid in accordance with schedules published by AXA. Novick argues that, because of these references, he should be allowed to introduce statements made by the parties during negotiations. However, the contracts' reference to the schedules does not create ambiguity. Rather, the contracts very clearly incorporate those documents by reference. *See Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 47 (2d Cir. 1993). Since Novick does not argue that the schedules themselves are ambiguous, or that other elements of the contract are unclear, there is no basis to open the floodgates to the statements made by parties during negotiations.

Finally, Novick challenges the district court's entry of an attorney fee award pursuant to the January and August Notes. While we review the district court's interpretation of a contract de novo, "[w]e review an award of attorney's fees for abuse of discretion if the district court has awarded the fees under a valid contractual authorization." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005). Where a contract clearly provides for an attorney fee award, we are "highly deferential" to the district court's determination of the appropriate amount to be awarded. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 198 (2d Cir. 2003). Under New York law, "fees on fees"—or fees for efforts expended in connection with collecting attorney fees—are not recoverable absent a specific contractual provision that "explicitly provide[s] for such fees." *Jones v. Voskresenskaya*, 5 N.Y.S.3d 16, 18 (1st Dep't 2015) (citing *546–552 W. 146th St. LLC v. Arfa*, 950 N.Y.S.2d 24 (1st Dep't 2012)). Such a provision must evidence "unmistakably clear intent regarding the recovery of fees on fees." *IG Second Generation Partners, L.P. v. Kaygreen Realty Co.*, 980 N.Y.S.2d 479, 481 (2d Dep't 2014).

Novick does not contest that the January and August Notes provide for attorney fees; rather, he asserts that the fees awarded here, totaling $263,206.40, were excessive. The district court disagreed, largely without explanation, and awarded AXA all of the fees it sought. We find this to be in error principally because AXA is entitled only to fees for work performed as part of its effort to recover on the notes, and by granting AXA's request for fees in full, the district court almost certainly awarded fees to AXA for attorney work hours unattributable to the notes litigation. We note that certain of Novick's claims or defenses may have been asserted as grounds for a setoff to any judgment entered in the notes litigation, and thus AXA would be entitled to recovery for hours spent on that portion of the litigation. On remand, the district court should assess whether the hours identified in AXA's motion relate to work for which AXA cannot claim reimbursement, and, if so, which corresponding adjustments are necessary. We leave it to the district court to decide, in its discretion, how best to make those adjustments.

We also take issue with the fact that the district court appears to have awarded Novick "fees on fees," which were not provided for in the January or August Note. Novick is correct that the notes do not manifest an "unmistakably clear intent" to allow such fees. Accordingly, on remand, the district court should also determine what amount, if any, of the total fee award was attributable to "fees on fees." If the district court determines that such "fees on fees" were assessed, the total fee award should be decreased by that amount.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court on the merits hereby is AFFIRMED, and the order with respect to AXA's attorney fees is hereby REMANDED for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5