18-1028-cv
FPP, LLC v. Xaxis US, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                  *Circuit Judges*,
             RICHARD K. EATON,[1]
                  *Judge*.

_____

FPP, LLC, FKA PANTHER PANACHE, LLC,

                    *Plaintiff-Appellant*,

             v.                                          18-1028-cv

XAXIS US, LLC, FKA 24/7 REAL MEDIA US, INC.,

                    *Defendant-Appellee*.[2]
_____

Appearing for Appellant:     Ellen M. Ahrens, Madel PA (Christopher W. Madel, Aaron R. Thom, *on the brief*), Minneapolis, MN.

Appearing for Appellee:      Paul F. Corcoran, Davis & Gilbert LLP (Daniel A. Dingerson, Joshua B. Podolnick, *on the brief*), New York, NY.

_____

[1] Judge Richard K. Eaton, United States Court of International Trade, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Appellant FPP, LLC appeals from the March 15, 2018, judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing its claim of fraud as duplicative of its breach of contract claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      FPP, LLC ("FPP") and Xaxis US, LLC ("Xaxis") dispute the meaning of a term in an asset purchase agreement between the two companies' predecessors, Panther Panache, LLC ("Panther") and 24/7 Real Media US, Inc. ("24/7"), respectively. FPP claims that 24/7 falsely represented to Panther that the company would calculate fees owed to Panther under the disputed term using one methodology but 24/7 intended to and Xaxis did calculate the fees using another methodology. The parties do not dispute the district court's interpretation of the contractual term at issue, but instead dispute the district court's sua sponte dismissal of FPP's fraud claim as duplicative of FPP's contract claim.

      This case was originally before Judge Laura T. Swain of the Southern District of New York, who denied Xaxis's motion to dismiss FPP's fraud claim as duplicative of FPP's contract claim, *FPP, LLC v. Xaxis US, LLC*, No. 14-cv-6172-LTS, 2015 WL 5123129, at *4-5 (S.D.N.Y. Sept. 1, 2015), and denied Xaxis's motion for summary judgment on FPP's fraud claim, *FPP, LLC v. Xaxis US, LLC*, No. 14-cv-6172-LTS, 2016 WL 5477768, at *5-6 (S.D.N.Y. Sept. 29, 2016). Before trial, the case was reassigned to Judge Alvin K. Hellerstein of the Southern District of New York. At the parties' first appearance before Judge Hellerstein, Judge Hellerstein questioned whether FPP's fraud claim was duplicative of FPP's breach of contract claim, indicating that he would likely dismiss the parallel fraud claim as duplicative. During the parties' opening statements, Judge Hellerstein again provided FPP an opportunity to explain why its fraud claim was not duplicative and thereafter dismissed the claim because there was "no fraud outside the contract." App'x at 99-100. The district court memorialized the dismissal in its Findings of Fact and Conclusions of Law After Trial. App'x at 89, n.9.

      FPP now claims that the district court (1) erred by sua sponte dismissing the fraud claim without providing FPP notice and an opportunity to respond, (2) abused its discretion by deviating from the law of the case, and (3) incorrectly concluded that FPP's fraud claim was duplicative. We review a district court's decision to dismiss a claim for failure to state a claim de novo. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "[W]e review a district court's application of the law of the case doctrine for abuse of discretion only," *Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001), observing that a district court abuses its discretion in deviating from the law of the case when it makes "a change of ruling" that "cause[s] prejudice to the appellant," *Colvin v. Keen*, 900 F.3d 63, 69 (2d Cir. 2018).

2

We will reverse a district court's sua sponte dismissal if the court "gave the parties no advance notice that dismissal was contemplated and afforded them no opportunity to brief the question." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001). That is not the case here. The district court gave FPP multiple opportunities to "muster [its] best argument, to plan [its] strategy, and to put [its] best foot forward" in defense of its fraud claim. *Schlesinger Inv. P'ship v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982). FPP briefed the issue in opposition to Xaxis's motion to dismiss, defended the fraud claim at summary judgment, and was twice asked to explain why the claim was not duplicative before the district court finally decided to dismiss the claim at the beginning of trial. FPP had advance notice and the opportunity to convince the court that its fraud claim was not duplicative of its breach of contract claim and failed to do so.

The district court also did not abuse its discretion by deviating from the law of the case. "[J]udges of coordinate jurisdiction are not bound by each other['']s rulings, but are free to disregard them if they so choose," *United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982), as long as the change in course does not "cause[] prejudice to a party that relied detrimentally on the earlier ruling," *Colvin*, 900 F.3d at 72. "Prejudice" in this context "does not mean the harm [that] results from a failure to apply the doctrine; rather, it refers to a lack of sufficiency of notice and an opportunity to prepare armed with the knowledge that one judge is disregarding the ruling of another." *Birney*, 686 F.2d at 107. FPP was on notice that its fraud claim could be dismissed if it was duplicative of its breach of contract claim, and Judge Hellerstein properly "recognized that, contrary to [the district court's] earlier assessment, the complaint was insufficient." *Colvin*, 900 F.3d at 70.

Finally, we find no error in the district court's dismissal of FPP's fraud claim. Under New York law—which applies pursuant to the New York choice-of-law provision in the Asset Purchase Agreement, Special App'x at 143—"a fraud claim may not be used as a means of restating what is, in substance, a claim for breach of contract." *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) (internal quotation marks omitted). A fraud claim is tenable only when the fraud alleged is "collateral or extraneous to the contract." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996). A fraud claim may be considered collateral to a contract if the contract, including its representations and warranties, does not address the factual bases of the fraud claim. *See Wall*, 471 F.3d at 417. FPP's fraud claim is, at root, that 24/7 told FPP's predecessor that the disputed term meant one thing and Xaxis later interpreted the term to mean something different. The contract's written terms therefore address the factual bases for the fraudulent misrepresentation, and the fraud claim is duplicative. Even if the fraud claim were not duplicative, however, the district court's factual findings preclude FPP from recovering for fraud. The district court concluded that Steven Robinson, one of FPP's negotiators, "testified that statements made by [Xaxis's representative] during negotiations gave him the understanding to base [Basic Video Media Fee] revenues on advertisers' CPM. . . . I find that testimony not to be credible." App'x at 82, ¶ 23. The district court supported its credibility determination with documentary evidence that "showed that Robinson knew that the CPM for Basic Video Media . . . would be based, not on what advertisers pay, but on an implied ad-serving fee." App'x at 83-84, ¶ 25. Thus, even if we were to conclude that the district court committed procedural error, its findings and credibility determinations on FPP's contract claim are dispositive of FPP's fraud claim, and we would affirm. *See Coulter v. Morgan Stanley & Co.*,

3

753 F.3d 361, 366 (2d Cir. 2014) (noting this Court "may affirm on any basis supported by the record").

We have considered the remainder of FPP's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk