23-6280-cr
*United States v. Gillier*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> > *Circuit Judges.*
> VERNON D. OLIVER,
> > *District Judge.**

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                        No. 23-6280-cr

STEFAN GILLIER, AKA SEALED DEFENDANT 1,
AKA ROLAND VAN GORP, AKA STEPHAN GILLIER,
AKA STEPHAN R. R. GILLIER, AKA ROLAND GILLIER,

---

* Judge Vernon Dion Oliver, of the United States District Court for the District of Connecticut, sitting by designation.

*Defendant-Appellant.*

_____

FOR APPELLANT:                      Lee A. Ginsburg, Freeman, Nooter &
                                    Ginsberg, New York, NY

FOR APPELLEE:                       Micah F. Fergenson, Dina McLeod,
                                    David Abramowicz, on behalf of
                                    Damian William, United States
                                    Attorney, Southern District of New
                                    York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 9, 2023 is **AFFIRMED**.

A jury convicted Defendant-Appellant Stefan Gillier of conspiracy to commit mail fraud, wire fraud, interstate transportation of stolen property, and money laundering (18 U.S.C. § 371); mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); interstate transportation of stolen property (18 U.S.C. § 2314); and four counts of money laundering (18 U.S.C. § 1957).  The charges were based on Gillier's participation in a stopped-check fraud scheme in which his company purchased aircraft parts by check and then cancelled those checks once the parts had shipped.  The company then resold the parts.

2

On appeal, Gillier challenges two sets of evidentiary rulings by the district court. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's decision to admit evidence for abuse of discretion. *United States v. Skelos*, 988 F.3d 645, 662 (2d Cir. 2021).[1] Rule 403 provides that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. To avoid acting arbitrarily, the district court is required to make a "conscientious assessment" of whether unfair prejudice substantially outweighs the probative value of the evidence. *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982).

First, Gillier argues the district court erred in allowing the government to introduce documents from Honeywell's civil case against Gillier because that evidence was unduly prejudicial under Rule 403. We disagree.

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

The theory of relevance for three of the documents—Exhibits 301-A (attachment order), 301-D (summons), and 301-K (original petition)—was that they showed consciousness of guilt insofar as they indicate that Gillier left the country a day after he was served with a civil complaint relying on essentially the same allegations that underlie the criminal charges in this case. The fourth exhibit—301-G (deposition notice)—reinforced this narrative by highlighting his failure to return to the United States for court-ordered depositions. The district court admitted these documents "to show only the effect of [this evidence] on Gillier's knowledge and intent and to explain his ensuing conduct [of fleeing the United States]." App'x 53. When three of these exhibits (Exhibits 301-A, 301-D, and 301-K) were introduced, the district court delivered a limiting instruction, informing the jury that it could "consider them as evidence of Mr. Gillier's knowledge at the time of the allegations . . . [and] to the extent that you find that they explain Mr. Gillier's later conduct."[2] App'x 83, 90-91. The court explained that the jury could "not consider the statements made by Honeywell in these documents for the truth of the matter asserted. In other words, the fact that

---

[2] Exhibit 301-G—the deposition notice—was admitted with no objection from defense counsel and without a limiting instruction.

Honeywell makes an allegation against Mr. Gillier [could] not be considered . . . as evidence that that allegation is true." App'x 83-84.

Likewise, in admitting the last of these documents (Exhibit 301-L), the amended petition in Honeywell's civil action, the court explained that it could be considered only "for the limited purpose of understanding Mr. Gillier's admissions in response to it" and not for the truth of the allegations in that pleading. App'x 93-94.

Although the district court did not expressly invoke Rule 403 in its analysis of most of the exhibits,[3] it discussed at length the probative value of the evidence, and it is apparent from the record that the court offered to give limiting instructions to minimize the prejudicial effect of the evidence. Gillier did not object to any of the proposed limiting instructions when the court gave the parties the opportunity to do so. And we presume the jury followed the limiting instructions. *United States v. Graham*, 51 F.4th 67, 83 (2d Cir. 2022). For these reasons, we conclude that the district court did not abuse its discretion in admitting the exhibits from the Honeywell civil litigation.

---

[3] The court did expressly rule that the deposition notice (Exhibit 301-G) was probative insofar as it corroborated the government's narrative and was not unfairly prejudicial.

Gillier also asserts that the district court erred in admitting two internal Honeywell email chains because they were impermissible hearsay. First, he contends the district court improperly admitted Exhibit 108-001 on the basis that the emails within the chain contained "commands" and were not therefore hearsay. However, the record does not support this argument. The government did not argue that Exhibit 108-001 should be admitted solely as a command; it argued the chain should be admitted "not for its truth but as a command and for its effect on the recipients . . . [and] to show the defendants knowledge and as context for his statements in a recorded phone call." App'x 135. And the limiting instruction the district court gave after admitting Exhibit 108-001 demonstrated the emails were not admitted solely as commands. The instruction explained to the jury that it could consider the emails "as evidence of the events that occurred within Honeywell[;] . . . to explain the later actions of the people who received them[;] . . . [and] to explain Mr. Gillier's statements and what he knew at the time." App'x 71-72. Importantly, the jury was not to "consider those emails as evidence that those statements of fact are true." App'x 72. Because these statements were admitted for their effect on the listener and not for the truth of the matter asserted, they are not hearsay. *See* Fed. R. Evid. 801(c)

advisory committee's note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

Similarly, Gillier asserts that Exhibit 108-030 does not contain a command to its recipient. However, as the district court reasoned, the email tells the recipient not to process checks from Gillier's company and to forward any checks received. "Statements offered as evidence of commands . . . rather than for the truth of the matter asserted therein, are not hearsay." *United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999). The district court did not err in admitting Exhibit 108-030.

For the foregoing reasons, the district court's judgement is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court